AARON D. FORD
   Attorney General
HARRY B. WARD, Bar No. 11317
   Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, NV 89701-4717
Tel: (775) 684-1159
E-mail: hward@ag.nv.gov

*Attorneys for Defendants*
*Isidro Baca and Linda Fox*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HERIBERTO TORIBIO-RUIZ,<br><br>          Plaintiff,<br><br>v.<br><br>ISIDRO BACA, *et al.*,<br><br>          Defendants. | Case No. 3:17-cv-00674-MMD-CBC<br><br>**DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO FILE A DISPOSITIVE MOTION**<br>(Second Request) |

Defendants, Isidro Baca and Linda Fox, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Harry B. Ward, Deputy Attorney General, hereby move this Court for an order enlarging the time for Defendants to file dispositive motions. This Motion is made pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. Proc.") 6(b) and is based upon the following Points and Authorities and all pleadings and papers on file herein. This Motion is made in good faith and not for the purposes of undue delay.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. RELEVANT FACTS AND PROCEDURAL HISTORY**

Plaintiff Heriberto Toribio-Ruiz ("Plaintiff") is a Nevada Department of Corrections ("NDOC") inmate proceeding *pro se* in this § 1983 action for deliberate indifference to his serious medical needs. Plaintiff is currently housed at Northern Nevada Correctional Center ("NNCC"). The Court allowed a single claim for Eighth Amendment medical deliberate indifference to proceed against NNCC Pharmacist Linda Fox ("Fox"), former NNCC Pharmacy Assistant Sunshine Flores ("Flores"), former NDOC Medical Director Romeo Aranas ("Aranas"), and NNCC Warden Isidro Baca ("Baca"). (ECF No. 3 at 3.) The

claim is based on the allegations Plaintiff continually received his prescription pain medications late after timely requesting refills at NNCC. (*Id.* at 3-5.) Plaintiff alleges the violations began occurring in 2015 and are continuing through the present. (*Id.*)

After the parties were unable to settle this case at the Inmate Early Mediation Conference, (ECF No. 21), and Defendants answered, (ECF No. 29), this Court issued its Scheduling Order. (ECF No. 30) In the Scheduling Order, the Court ordered the parties to submit any motions for summary judgment by July 17, 2019. (*Id.* at 3:25-28) Defendants were unable to comply with this deadline. Defendants asserted they need additional time to respond because the Litigation Division of the Office of the Attorney General was currently severely short-staffed. Defendant's asserted the burden placed on the attorneys remaining in the division was overwhelming. Additionally, defense counsel, Heather Zana's last day with the office was July 18, 2019.

Undersigned counsel recently accepted employed with the Litigation Division of the Office of the Attorney General. Accordingly, Defendants respectfully request that this Honorable Court allow them thirty (30) additional days, or up to and including Thursday, October 17, 2019, to file their dispositive motion.

## II. LEGAL STANDARD

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D. Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as

vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made." *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D. Ohio 1947). The good cause standard considers a party's diligence in seeking the continuance or extension. *See, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

### III. DISCUSSION

Defendants' deadline to file their dispositive motion is today, September 17, 2019. As the deadline has not yet expired, Defendants must therefore demonstrate good cause for the requested enlargement. Good cause exists to enlarge the time for Defendants to file their motion because their counsel has been recently employed with the Office of the Attorney General and needs additional time to evaluate the case; contact Defendants regarding potential defenses; and obtain possible declarations in support their possible defenses.

Additionally, counsel has been assigned many cases wherein dipositive motion deadlines have been pre-set and counsel has not had the required time to familiarize himself with the matter prior to filing dispositive motions. Such is the case in the instant matter.

Defendants are seeking this enlargement in good faith and not for the purpose of any unnecessary delay. Moreover, Defendants do not perceive any possible prejudice to Plaintiff if this motion is granted. Therefore, Defendants request to be allowed up to and including Thursday, October 17, 2019, to file their motion.

///
///
///
///
///
///
///
///
///

## IV. CONCLUSION

As stated, Defendants need additional time to file their dispositive motion based on their counsel's inability to timely complete the motion due to his recent assignment to the case. Accordingly, Defendants respectfully request this Honorable Court grant their motion and allow them up to and including Thursday, October 17, 2019, to file their motion.

DATED this 17th day of September 2019.

                                 AARON D. FORD
                                 Attorney General

                      By:     /s/ Harry B. Ward
                               HARRY B. WARD, Bar No. 11317
                               Deputy Attorney General

                               *Attorneys for Defendants*

IT IS SO ORDERED

_____
U.S. MAGISTRATE JUDGE
DATED: 9/18/2019

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 17th day of September, 2019, I caused to be served a copy of the foregoing, **DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO FILE A DISPOSITIVE MOTION (Second Request),** by U.S. District Court CM/CEF Electronic Filing on:

Heriberto Toribio-Ruiz, #86947
Care of NNCC Law Librarian
Northern Nevada Correctional Center
P.O. Box 7000
Carson City, NV 89702
lawlibrary@doc.nv.gov

*Caitie Collins*
An employee of the
Office of the Attorney General