UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HERIBERTO TORIBIO-RUIZ,<br><br>　　　　　　　　　　Plaintiffs,<br>　v.<br><br>ISIDRO BACA, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:17-cv-00674-MMD-CLB<br><br>ORDER |

Following screening and summary judgment proceedings *pro se* Plaintiff Heriberto Toribio-Ruiz has one claim for Eighth Amendment deliberate indifference to medical needs under 42 U.S.C. § 1983 remaining for trial. (ECF No. 3 at 5-7; ECF Nos. 45, 57, 58.) Before the Court is Plaintiff's motion for appointment of counsel ("Motion"). (ECF No. 64.) For reasons explained below, the Court will deny the Motion.[1]

There is no constitutional right to appointed counsel in a § 1983 action. *E.g.*, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. § 1915(e)(1), however, gives a district court the discretion to request that an attorney represent an indigent civil litigant. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *see, e.g.*, *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Yet, the statute does not give the court the authority to compel an attorney to accept appointment, such that counsel remains free to decline the request. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989). Furthermore, while the decision to request counsel lies within the discretion of the district

---

[1] The Court has also reviewed Defendant's response (ECF No. 65).

court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and [the plaintiff's ability to] articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted).

Exceptional circumstances do not exist in this instance. Plaintiff has not demonstrated a likelihood of success on the merits as there are genuine disputes of fact as to whether Defendants violated Plaintiff's Eighth Amendment rights. (ECF No. 57 at 6-9; ECF No. 58.) Plaintiff only makes conclusory assertions that this case is complex because "medical issues are complex." (ECF No. 64 at 12.) To be sure, an appointment of counsel is generally appropriate in Eighth Amendment cases alleging deliberate indifference to serious medical needs where an incarcerated plaintiff is expected to find a medical expert. *See Clemons v. Hill*, 743 F. App'x 885, 886 (9th Cir. 2018).[2] But the issue in this case is deliberate indifference, which is not a complex question, nor will it require expert assistance to understand. (*See* ECF No. 3 at 5-7; ECF No. 57 at 6-9.) Moreover, even though Plaintiff contends that other inmates assisted him in submitting his medical kites, drafting his Complaint, and submitting this Motion, he has demonstrated that he can articulate his claims to the Court. (ECF Nos. 34, 35.) And while Plaintiff also argues that he does not know how to conduct a trial and has no experience preparing jury instructions, proposing voir dire, or drafting motions in limine (ECF No. 64 at 12), such lack of experience is unexceptional compared to most prisoner civil rights cases. Because Plaintiff has not demonstrated exceptional circumstances, the Court denies the Motion.

///

---

[2] The Court finds *Clemons* persuasive and applies it here. Although not binding precedent, unpublished decisions have persuasive value and may be relied on. *See, e.g.*, *In re Ocwen Loan Servicing LLC Litigaton*, No. 3:16-cv-200-MMD-WGC, 2019 WL 690353, at *2 (D. Nev. Feb. 19, 2019); *see also* Ninth Cir. R. 36-3 ("Unpublished Ninth Circuit decisions may be cited commencing with decisions issued in 2007.").

It is therefore ordered that Plaintiff's motion for appointment of counsel (ECF No. 64) is denied.

DATED THIS 21st day of September 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE